#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA
#### CHARLESTON DIVISION

| | |
|---|---|
| Houston Casualty Company,<br><br>　　　　Plaintiff,<br>　v.<br><br>Trident Construction Services, LLC,<br><br>　　　　Defendant. | Case No. 2:22-cv-02037-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendant Trident Construction Services, LLC's ("Trident") motion to strike portions of Plaintiff's rebuttal expert's report. (Dkt. No. 36). Plaintiff Houston Casualty Company ("HCC") opposed the motion, and Trident replied. (Dkt. Nos. 37, 38). For the reasons set forth below, the Court denies in part and grants in part Trident's motion.

## I.     Background

This is an action for declaratory judgment arising from the construction of a condominium in Charleston, South Carolina. Trident was the general contractor on the project, and HCC issued insurance to Trident. After the project was completed, water intrusion occurred, which required Trident's subcontractors to remediate. Following remediation, Trident submitted invoices to HCC, which only agreed to pay a portion of the costs. This lawsuit followed.

Relevant here, Trident offered the expert opinion of Louis G. Fey, Jr. HCC offered a rebuttal expert, Bernd G. Heinze. Trident moved to strike portions of Mr. Heinze's rebuttal report, arguing that Mr. Heinze opined on matters outside the scope of Mr. Fey's expert report. (Dkt. No. 36). HCC opposed the motion (Dkt. No. 37), and Trident replied (Dkt. No. 38). This matter is ripe for the Court's review.

## II.     Legal Standard

　　　　A.     Federal Rule of Civil Procedure 37

1

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Thus, the district court has broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless. *Id.* at 597.

B. Rebuttal Reports

Rebuttal reports are "intended solely to contradict or rebut evidence on the same subject matter identified by another party . . . " FED. R. CIV. P. 26(a)(2)(D)(ii). "Rebuttal evidence is defined as evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party." *City Grill Hospitality Grp., Inc. v. Nationwide Mut. Ins. Co.*, No. 5:12-CV-610-F, 2013 WL 6092231, at *2 (E.D.N.C. Nov. 19, 2013) (quoting *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001)). "A party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." *Wise v. C. R. Bard, Inc.*, No. 2:12-CV-01378, 2015 WL 461484, at *2 (S.D.W. Va. Feb. 3, 2015). Thus, "[r]ebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Boles v. United States*, No. 1:13CV489, 2015 WL 1508857, at *2 (M.D.N.C. Apr. 1, 2015). However, rebuttal reports "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Withrow v. Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013) (quoting *Glass Dimensions, Inc. ex rel. Glass*

2

*Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013)).

**III.**     **Discussion**

    A. <u>Mr. Heinze's expert report properly rebuts Mr. Fey's report.</u>

The sum and substance of Trident's argument is that Mr. Heinze offers opinions about subjects on which Trident's expert, Mr. Fey, did not opine. (Dkt. No. 36 at 4). Trident argues that Mr. Fey's expert report "is concerned with whether HCC's *coverage position* comports with industry standards with regard to wrap-up insurance programs." (*Id.* at 7) (emphasis in original). Mr. Heinze, Trident argues, inappropriately opines that "HCC's handling of the claim—including with regard to the investigation of the claim, the payment of certain undisputed amounts, the reservation of rights, and the filing of this declaratory judgment—falls within generally accepted insurance industry customs, standards, and practices." (*Id.* at 3). Importantly, Trident argues that since "Mr. Fey's report does not concern or refer to these aspects of claims handling, Trident files this Motion to Strike these portions of Mr. Heinze's report." (*Id.*).

While Trident argues that its expert's report "is concerned with whether HCC's *coverage position* comports with industry standards," (Dkt. No. 36 at 7), an examination of Mr. Fey's expert report reveals that it opines on much more. For example, Mr. Fey opined that "HCC placed its own interest ahead [of] its insured by *attempting to manufacture a basis for denial*." (Dkt. No. 36-2 at 9) (emphasis added). Mr. Fey opined that "HCC *misrepresented the coverage* provided by the policy." (*Id.*) (emphasis added). Mr. Fey also opined that "*a reasonable interpretation of the facts and coverage* would be that all costs that make up the cost to correct a defect and to repair the exterior stucco are damages because of the property damage that could be awarded." (*Id.*)

(emphasis added).  Mr. Fey also opined that "HCC's position is *unreasonable*."  (*Id.* at 20) (emphasis added).

In short, Mr. Fey opened the door, and Mr. Heize walked through it.  Trident argues that "Mr. Fey's report does not concern or refer to the[] aspects of claims handling" that Mr. Heize relies on.  (Dkt. No. 36 at 3).  Well—that is the whole point.  Mr. Fey made broad conclusions, such as "HCC placed its own interest ahead [of] its insured by attempting to manufacture a basis for denial." (Dkt. No. 36-2 at 9).  When Mr. Heize, in turn, explains how HCC handled the claims, he, of course, is entitled to explain that they considered much more than what Mr. Fey points to. In other words, Mr. Heize rebuts Mr. Fey's claim that HCC contrived the denial of a claim by producing evidence that HCC's decision was the result of a thoughtful process.  Trident cannot strike evidence of that process by arguing that Mr. Fey did not discuss it.

HCC argues that Mr. Fey's "conclusory opinions about HCC's conduct necessarily demanded a response" since the opinions necessarily "involve consideration of the reasonableness of HCC's claims handling process, its investigation of the facts of the case, its communications with the insured, and policy considerations regarding the denial of the claims." (Dkt. No. 37 at 10-11).  HCC argues that "Mr. Heinze was right to conduct his own independent analysis of the same information that was available to Mr. Fey." (*Id.*).  The Court agrees.  To be sure, in many cases, the rebuttal expert will seek to direct the finder of fact to a different form of analysis or set of facts.  *See Withrow v. Spears*, 967 F. Supp. 2d 982, 1002 (D. Del. 2013) (reasoning that rebuttal reports "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert" (quotations omitted).  Accordingly, the Court denies Trident's motion to strike Mr. Heinze's expert report on the subject matter discussed above.

B. Mr. Fey did not opine on the availability of punitive damages.

Trident also argues, and the Court agrees, that Mr. Heinze's opinions regarding Trident's entitlement to punitive damages are not appropriate. *See* (Dkt. No. 36-3 at 19). Mr. Fey does not opine on the availability of punitive damages, such that this subject is not within the scope of rebuttal. The Court grants Trident's motion to strike this portion of Mr. Heinze's report.

## IV.     Conclusion

Based on the reasons set forth above, the Court denies in part and grants in part Trident's motion to strike portions of Mr. Heinze's rebuttal report.

**AND IT IS SO ORDERED.**


    s/Richard M.Gergel
Richard Mark Gergel
United States District Judge

December 18, 2023
Charleston, South Carolina